IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY                                                                PLAINTIFF

v.                           Civil No. 1:24-cv-01046-SOH-CDC

JUDGE JACK BARKER                                                                    DEFENDANT

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, Raymond Douglas Hardy, currently an inmate of the Union County Criminal Justice Facility, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.     BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Application") on July 15, 2024. (ECF Nos. 1, 2). The Court provisionally filed Plaintiff's Complaint and ordered him to submit a completed IFP Application on the same day. (ECF No. 3). Plaintiff filed his second IFP Application on July 30, 2024 and the Court granted Plaintiff IFP status on July 31, 2024. (ECF Nos. 5, 6).

In his Complaint Plaintiff claims Judge Jack Barker violated his constitutional rights by

defaming his character on June 9, 2024. (ECF No. 1, p. 4). Plaintiff explains his defamation claim stems from Judge Barker's refusal to believe him when he told Judge Barker he was incarcerated when the checks were written. Plaintiff does not make clear what checks he is referring to with this allegation, but does state:

> Judge Jack Barker . . . took it upon [him]self to blow me off refusing [to] acknowledge what was told to him by me and the court clerk as [to] where I was when this situation happen[ed] of supposedly writ[ing] check when I was in when the check were wrote and cash[ed].

(ECF No. 1, p. 6) (errors in original). Plaintiff goes on to allege he should not have been "hit with an FTA for missing court and the unpaid fine." (ECF No. 1, p. 5). Finally, Plaintiff states he was falsely imprisoned. *Id*. at 6.[1]

Plaintiff alleges his claim against Judge Barker in both his individual and official capacities. (ECF No. 1, p. 7). Plaintiff seeks $1,500,00.00 in damages for reimbursement of his fines and his pain and suffering. (ECF No. 1, p. 6).

Plaintiff also filed a Supplement to his Complaint. (ECF No. 15). In his Supplement Plaintiff expounds on his factual allegations against Judge Barker. Plaintiff alleges he was incarcerated for a ninety-day sanction at the time he allegedly wrote fraudulent checks. Plaintiff claims Judge Barker knew of this incarceration. Specifically, Plaintiff claims:

> If he would have set it off for 30 days to look into the matter. But he entered his personal opinion, when he said that I wrote and cashed them before I got locked up.

---

1 Plaintiff also lists "conditions of confinement" and "federal statutory right" in his Complaint when prompted to list what constitutional rights have been violated. (ECF No. 1, p. 4). However, Plaintiff did not allege any facts whatsoever to support a conditions-of-confinement claim, nor did he list what federal statute he claims was violated by Judge Barker. The Court will not engage in speculation as to what Plaintiff could be trying to allege. *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level").

(ECF No. 15, p. 2). Plaintiff goes on to allege a warrant for his arrest was issued and he was given thirty (30) additional days for a charge that was not his. *Id.*

Plaintiff also amends his Complaint with his Supplement by requesting a jury trial and compensatory relief for defamation of character, pain and suffering, and for each day he was falsely imprisoned causing lost wages. Plaintiff also requested punitive damages. *Id*. at 3.

## II. APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Lastly, Defendants

3

must have been personally involved and caused the violation alleged. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff names Judge Jack Barker, State District Court, Union County, Arkansas as the only defendant in this matter.[2] "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (explaining the common law principle of judicial immunity was not abolished by Section 1983). The Supreme Court "has pronounced

---

2 While Plaintiff did not provide the Court with Judge Barker's credentials, such information is readily available on the Arkansas Judiciary website. www.arcourts.gov/content/hon-jack-barker (last visited August 9, 2024).

and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

Here, Plaintiff did not make any claims Judge Barker acted outside of his jurisdiction. His only complaint relates to his claims of innocence and Judge Barker's refusal to hear evidence of his innocence. Determining the admissibility of evidence in Plaintiff's criminal matter pending before Judge Barker surely falls within Judge Barker's normal judicial activity. Accordingly, Judge Barker is immune from all of Plaintiff's claims against him. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1091 (explaining that judicial immunity applies if the act complained of is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity).

## IV. CONCLUSION

For these reasons, it is recommended: this case be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(2) because Plaintiff seeks monetary relief from a defendant who is immune from such relief.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   **RECOMMENDED** this 12th day of August 2024.

                 *Christy Comstock*
                 CHRISTY COMSTOCK
                 UNITED STATES MAGISTRATE JUDGE